John Selenak, Appellee, v. Joseph Selenak, Appellant.

Gen. No. 5,219.

1. EVIDENCE—*when leading questions will not reverse.* It is not every leading question which constitutes reversible error. Leading questions may be permitted by the court in the exercise of a sound discretion. *Held,* in this case, that the exercise of such discretion was not abused.

2. APPEALS AND ERRORS—*when assignments of error waived.* A point urged by assignment of error on appeal which was not specified in the written motion for a new trial, will not be considered on review.

Assumpsit. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

J. T. & MAX MURDOCK and C. B. CHAPMAN, for appellant.

ARTHUR H. SHAY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant, his step-father, to recover wages, and had a verdict and a judgment for $400, from which defendant below appeals.

Appellant married appellee's mother in Austria nineteen years before the trial, and some two years later moved to LaSalle county, Illinois, with his family. Appellee is not mentally bright, is very hard of hearing, is badly tongue tied and does not speak English, and it was very difficult for the interpreter to understand his almost inarticulate utterances in answer to questions. Appellant testified that he left appellee in the old country because he was "a dummy." After appellee had grown up and had employment in the old country, his step-father sent for him to come and work for him, and bought a piece of rough land, full of stumps and stones, and set appellee to work clearing it. Appellee came and worked for appellant, three years according to his proof, or two years and nine months according to appellant's proof, when he left owing to harsh treatment by appellant. The law is that if appellee was a member of appellant's family, then in order to recover wages it was necessary for him to show that the parties intended that compensation should be paid for the services. Appellee's proof tended to show that during the time he worked for his step-father he slept in the house but about one week and the rest of the time slept in the open air or in the barn or hog pen. Various circumstances in evidence justified the jury in finding that he was not treated as a member of the family. If not, then he was entitled to compensation. There was proof that appellant promised to pay appellee, from which the jury might reasonably infer that compensation was intended by the parties. If so, he was entitled to recover. There was proof that appellant said he would pay appellee $300 or $400 for his serv-

ices and that he so promised to appellee. There was other proof that he said he would pay appellee "just as much as anybody pays the rest of the fellows." There was proof that the going wages were $25 per month in that locality for farm work. The jury awarded appellee less than one-half of what he would have been entitled to at $25 per month. The litigated matters were questions of fact upon which the verdict of the jury, approved by the trial judge, cannot be disturbed upon this record.

It is argued that it was error to permit leading questions to be asked of appellee. It is not every leading question which constitutes reversible error. In a case like this, where the question must be put through an interpreter and where the witness is exceedingly deaf and is so tongue tied that his answers are almost unintelligible to the interpreter, it is very difficult to control the exact form of the question and to know in exactly what form the interpreter puts it to the witness. Some of the questions of which complaint is made were not answered. We do not feel that we are warranted in saying that the court abused its discretion in the form of questions permitted. Moreover, the action of the court in permitting leading questions to be asked was not specified in the motion for a new trial as one of the grounds on which that motion was based, and it was therefore waived. Complaint is made of the instructions given for appellee. We have examined them and find no reversible error in them, but consider it unnecessary to discuss the objections in detail.

The judgment is therefore affirmed.

*Affirmed.*